### Hamilton v. Harkins et al.

May 17, 1946.

J. B. Clarke for appellant.

Joseph D. Harkins for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

Bas Hamilton brought this action against the heirs of W. S. Harkins and his widow, Josie D. Harkins, to quiet title to mineral rights in 60 acres of land. Squire Hamilton, owner of the fee, by written contract, bearing date March 18, 1913, and recorded March 24, 1913, entered into a contract of sale, wherein he and his wife agreed to convey the minerals to John Hamilton, W. S. Harkins, and Joseph D. Harkins, for a consideration of $10 per acre. The purchase price was paid, but the deed of conveyance was never executed except as follows. On November 24, 1927, Joe Hamilton and wife, Squire Hamilton, a widower, and Basil Hamilton and wife, by deed, conveyed a 1/3 undivided interest of the minerals in the land to Joel Hamilton, devisee of John Hamilton. Consequently, this litigation involves the 2/3 interest belonging to the Harkins heirs.

By answer, counterclaim, and cross petition, the defendants set up title to this land by reason of the title bond, or contract of sale, above set out, and asks that the plaintiff and defendants in cross petition, who are the heirs of Squire Hamilton, be required to convey to them the legal title to the mineral property.

The plaintiff in reply pleaded the statute of limitations of 15 years.

The Court found the defendants entitled to a deed of conveyance to 2/3 of the minerals in and under the lands described in the title bond, overruled the plea of limitations, and since J. B. Clarke, the regular Master Commissioner, was appearing as attorney for the plaintiff, the court appointed Joe Hobson Special Commissioner, who was ordered and directed to execute to the defendants a deed of conveyance to an undivided 2/3

interest in the minerals in the land described in the title bond. The plaintiff appeals.

Appellant takes the position that (1) appellees' right of action for specific performance was barred by the statute of limitations; (2) that they are estopped by laches to assert claim of title or to maintain the action, and (3) that by failure to allege or prove possession of the surface by the vendor, they did not acquire possessory title to the minerals.

In support of proposition (1) above, appellant relies on Eversole v. Huff, 205 Ky. 314, 265 S. W. 797. The specific question involved in this action was not involved in that action. We think the statute of limitations does not apply where every required act has been done to pass title. It is true the title was only an equitable one, but nevertheless, it was title. Insofar as the title bond is concerned, everything had been done to perfect equitable title. There remained only the placing of the legal title in the name of the equitable holder thereof. The argument of counsel for appellant, and the cases cited in support of that argument, are well taken, yet not directly in point.

We are confronted here with a title bond, which was recorded soon after its execution. We have a full payment of the consideration. We have a recognition of the sale of the mineral in the subsequent deeds conveying the surface, in each of which it is definitely stated the mineral rights had been sold. We have a further recognition of this in the deed of conveyance of the other 1/3 undivided interest in and to the mineral rights by Squire Hamilton and the appellant to Joel Hamilton. The appellant was not slipped up on in any way. The title bond was of record. The subsequent deeds of conveyance excepted the mineral rights. The appellant knew, or at least could have known it.

We are of the poinion that the court properly adjudicated the matter.

Judgment is affirmed.